## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

MARISSA GOMEZ, individually and
on behalf of all others similarly situated,

        Plaintiff,

    v.

DOLLAR GENERAL
CORPORATION,

        Defendant.

Case No. 22-cv-_____

## NOTICE OF REMOVAL

Defendant Dollar General Corporation ("Defendant"), by and through its counsel, hereby gives notice of removal of this action from the Sixth Judicial Circuit Court in and for Pasco County, Florida to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. In support thereof, Defendant respectfully states as follows:

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.    On November 3, 2022, Plaintiff Marissa Gomez ("Plaintiff") commenced this putative class action, captioned as *Marissa Gomez v. Dollar General Corporation*, Case Number 2022-CA-2852-ES, against Defendant in the Sixth Judicial Circuit Court in and for Pasco County, Florida ("State Court Action").

2.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the operative complaint against Defendant ("Complaint" or "Compl.") in the State Court Action is

attached to this Notice as **Exhibit A**, and true and correct copies of all other process, pleadings, and orders purportedly served upon Defendant in the State Court Action are attached to this Notice as **Exhibit B**.

3.    A true and correct copy of the Register of Actions from the State Court Action is attached to this Notice as **Exhibit C**.

4.    Plaintiff purportedly served Defendant with a summons and the Complaint in the State Court Action on November 30, 2022. *See* Return of Service filed in the State Court Action, attached hereto as **Exhibit D**. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

## JOINDER

5.    No other defendants have been named in this action, and therefore, no joinder of additional defendants to this removal is necessary.

## RELEVANT ALLEGATIONS

6.    Plaintiff's single-count Complaint seeks relief from Defendant, on behalf of herself and a putative class of similarly-situated persons, for allegedly making or causing to be made multiple unlawful "telephonic sales calls" without the "prior express written consent" of Plaintiff and the putative class members, in purported violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059(8)(a). *See* Compl. ¶¶ 1, 3, 10, 13-17, 30-38.

7.    More specifically, Plaintiff's Complaint alleges, *inter alia*, that (i) "Defendant has placed telephonic sales calls to telephone numbers belonging to

hundreds of consumers in Florida" in violation of the FTSA; (ii) the exact number of putative class members is unknown, but believed to "number in the several hundreds, if not more"; (iii) "the aggregate damages sustained by the [putative] Class may be in the millions of dollars"; (iv) "Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the [putative] Class members" in this case; and (v) "Plaintiff's claims are typical of the claims of the [putative] Class members, as they are all based on the same factual and legal theories." Compl. ¶¶ 21, 22, 26, 28, 35, 36.

8.      The Complaint seeks "damages" for Plaintiff and each member of the putative class, injunctive relief, and "any other available legal or equitable remedies." *Id.* ¶¶ 5, 38, Prayer. The FTSA permits statutory damages in the amount of $500 per violation. Fla. Stat. § 501.059(10)(a). Furthermore, statutory damages can be trebled under the FTSA for willful or knowing violations, up to $1,500 per violation. Fla. Stat. § 501.059(10)(b).

9.      Defendant disputes all of Plaintiff's allegations, believes the Complaint lacks any merit, and denies Plaintiff or the putative class has/have been harmed in any way or that this case is capable of or appropriate for class treatment. By seeking removal, therefore, Defendant does not waive any arguments with respect to the Complaint or otherwise in this matter. As demonstrated below, however, this Court has jurisdiction over Plaintiff's claim and removal of this action is proper. *See, e.g., McDaniel v. Fifth Third Bank*, 568 F.App'x. 729, 731 (11th Cir. 2014) (accepting Plaintiff's allegations as true for purposes of jurisdictional analysis); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *Baldwin v. Boise Paper Holdings, L.L.C.*, 631 F.App'x 831,

833 (11th Cir. 2015); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper.").

## CAFA JURISDICTION

10.    This Court has jurisdiction over this case pursuant to the Class Action Fairness Act ("CAFA"), specifically 28 U.S.C. § 1332(d)(2) & (5), which together provide, *inter alia*, that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant…" and require that the proposed class must contain at least 100 persons. *See also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (summarizing CAFA removal requirements); *Miedema v. Maytag Corp.,* 450 F.3d 1322, 1327 (11th Cir. 2006), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014) (same). As shown below, this case readily meets all of these requirements.

11.    First, the State Court Action is a "class action" under 28 U.S.C. § 1332(d)(2), because Plaintiff seeks to represent a class of similarly situated individuals pursuant to Florida Rules of Civil Procedure 1.220(b)(2) and (b)(3). Compl. ¶¶ 5, 20-29; *see also Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.,* 184 F.R.D. 674, 682 (M.D. Fla. 1999) ("Florida Rule of Civil Procedure 1.220 is patterned after Federal Rule

of Civil Procedure 23.").

12.    <u>Second</u>, there is minimal diversity between Plaintiff and members of the putative class on the one hand and Defendant on the other. *See, e.g., Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 911-12 (11th Cir. 2014) (minimal diversity met for CAFA where "any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant"). In this regard, Plaintiff alleges that she was and is a resident of Pasco County, Florida "[a]t all times material" to the facts alleged (*see* Compl. ¶¶ 11, 12), received the texts at issue while residing and physically present in Pasco County, Florida (*see* Compl. ¶¶ 10, 11), seeks to certify a Florida-specific class (*id.* ¶ 20), and alleges that Defendant is a "foreign profit corporation" (*id.* ¶ 7) whose principal place of business is located in Goodlettsville, TN. *See also* **Exhibit E** attached hereto (Tennessee Secretary of State's Website, showing Defendant is a Tennessee corporation located in Goodlettsville, TN).

13.    <u>Third</u>, the plausible class number and amount in controversy exceed the requisite minimums under CAFA. *See, e.g., Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements" and may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable."); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a

complaint that the amount in controversy is met and "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal"); *Fox v. Ritz-Carlton Hotel Co., L.L.C.,* 977 F.3d 1039, 1045 (11th Cir. 2020) ("'If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.'") (quoting *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 n.8 (11th Cir. 2010)); *Pretka*, 608 F.3d at 755 (courts may consider affidavits, declarations, or other documentation in support of jurisdictional requirements).

14. In particular, and as noted above, Plaintiff seeks a minimum of $500.00 for each violation, and alleges in her Complaint *inter alia* that: (a) Defendant made or caused to be made "telephonic sales calls" to her and "hundreds" of putative class members in purported violation of the FTSA; (b) the potential class members "number in the several hundreds, if not more"; (c) "the aggregate damages sustained by the Class may be in the millions of dollars"; (d) Defendant "knowingly" violated the FTSA for treble statutory damages purposes; and (e) her claim (*i.e.,* that she allegedly received "telephonic sales calls" that were "knowingly" made by or behalf of Defendant) is "typical" of the putative class members' claims. Compl. ¶¶ 10, 21, 22, 26, 28, 35 & Exhibit A.

15. Conservatively assuming that "several hundreds" of class members as Plaintiff alleges means at least 200 persons and possibly as many as 300 persons ("if not more" according to Plaintiff), the potential number of class members easily exceeds the CAFA threshold of 100. *See* 28 U.S.C. § 1332(d)(5); *see also* BLACK'S LAW DICTIONARY

(11th ed. 2019) (defining "several" as meaning "more than one or two but not a lot");

*Laboratoires Perouse*, *S.A.S. v. W.L. Gore & Assocs., Inc.*, 528 F. Supp. 2d 362, 390

(S.D.N.Y. 2007) (explaining that "several" means "more than two"); *Barrett v. C.O.*

*Matters*, 2015 WL 5881602, at *9, n.9 (M.D. Pa. Sept. 30, 2015) ("Although the word

'several' may sometimes be used to mean 'more than one,' it is typically defined as 'more

than two.'") (citing, *inter alia*, *Laboratoires Perouse* and BLACK'S, *supra*).

16.     Further, the alleged amount in controversy in this case exceeds

$5,000,000. *See Roe,* 613 F.3d at 1061-1062; *Williams,* 269 F.3d at 1319; *Fox,* 977 F.3d

at 1045.[1] Between July 1, 2021 and December 30, 2022, available records indicate that

at least 3,334 text messages were sent to phone numbers with Florida area codes. *See*

Declaration of Michael Chao, attached hereto as **Exhibit F**. Further, Plaintiff alleges

that (1) Defendant used automated technology to unlawfully make "telephonic sales

calls" to her and "hundreds"—or, rather "several hundreds, if not more"—of putative

---

[1] Defendant does not concede (and indeed disputes) that Plaintiff or any putative class member is entitled to recover any damages, nor is Defendant required to allege or show that Plaintiff or anyone is actually entitled to (or could) recover damages or has suffered any injury for present purposes. *See, e.g., Gonzalez v. TCR Sports Broad. Holding, LLP,* 2018 WL 4292018, at *2 (S.D. Fla. Sept. 10, 2018) ("Before the Court now is only the argument that Defendants were required to allege Plaintiff's standing in their notice of removal. That is clearly not what the law requires.") (citing, *inter alia, Dart Cherokee*); *Navtech US Surveyors USSA Inc. v. Boat/Us Inc.,* 2019 WL 3219667, at *2 (M.D. Fla. July 17, 2019) ("Although standing is a jurisdictional issue, it differs from subject matter jurisdiction needed for removal. Original jurisdiction like diversity or federal question jurisdiction governs removal under 28 U.S.C. § 1441…. And § 1441 does not require proof of standing" in order to remove.) (internal citations omitted); *Anderson v. Witco Life Ins.* Co., 943 F.3d 917, 925 (11th Cir. 2019) ("A defendant seeking to remove a case to federal court must file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"); *Mangano v. Garden Fresh Rest. Corp.*, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount."); *Dudley v. Eli Lilly & Co.,* 778 F.3d 909, 913 (11th Cir. 2014) ("'[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.' [] Moreover, at the jurisdictional stage, 'the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.'") (quoting *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751, 754 (11th Cir. 2010)).

class members and "knowingly" violated the FTSA, and (2) potentially "millions of dollars" in damages were sustained by her and the putative class members. Conservatively estimating that each of the putative class members received violative "telephonic sales calls" as Plaintiff allegedly did (*i.e.*, that Plaintiff's claims are truly "typical" of the putative class), and that each putative class member would be entitled to up to $1,500 in trebled statutory damages under the FTSA for each of these alleged "knowing" violations, it is plausible that the amount in controversy as alleged in this Complaint exceeds the CAFA minimum threshold (*i.e.*, at least 3,334 "telephonic sales calls", multiplied by $1,500 per text in trebled damages equals $5,001,000).

17.     Given the foregoing, all three of the CAFA removal requirements are met in this case and, as such, removal to this Court is proper.

## VENUE

18.     Venue is proper in this District Court pursuant to 28 U.S.C. §1441(a), because this action was brought in the Sixth Judicial Circuit Court in and for Pasco County, Florida, which is in the same District as the United States District Court for the Middle District of Florida. Venue is also proper in this District under 28 U.S.C. §1391(b), to the extent that Plaintiff alleges that Defendant made or caused to be made "telephonic sales calls" into Florida and that she received the allegedly violative calls within Pasco County, Florida. *See* Compl., ¶¶ 10, 11.

19.     Defendant hereby reserves all rights to assert any available defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Fed. R. Civ. P. 12, as well as to amend or supplement this Notice of Removal.

## CONCLUSION

20. Defendant, having satisfied all requirements for removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submits this Notice of Removal, requests that the State Court Action be removed to this Court, and requests that the Court assume full jurisdiction over the case herein as provided by law.

WHEREFORE, Defendant hereby respectfully removes this civil action to this Court.

Dated:        December 30, 2022            Respectfully Submitted,

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Yaniv Adar*
 Josh A. Migdal, Esq.
 Florida Bar No. 19136
 josh@markmigdal.com
 Yaniv Adar, Esq.*
 Florida Bar No. 63804
 yaniv@markmigdal.com
 eservice@markmigdal.com

*Attorneys for Dollar General Corporation*

*Denotes "Lead Counsel" for purposes of
Local Rule 2.02(a)

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document (including any attached exhibits and documents) electronically on the Court's CM/ECF docket on December 30, 2022, which served same electronically upon all counsel of record.

<u>/s/  Yaniv Adar</u>
                Yaniv Adar